# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0056V

|  |  |
|---|---|
| ALICIA EDWARDS,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: February 8, 2024 |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA*, for Petitioner.

*Benjamin Patrick Warder, U.S. Department of Justice, Washington, DC*, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

On January 5, 2021, Alicia Edwards filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") caused by an influenza ("flu") vaccine administered on January 22, 2020. Petition at 1. On September 11, 2023, I issued a decision awarding damages to Petitioner, following briefing by the parties and expedited Motions Day argument by the parties. ECF No. 42.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $30,565.74 (representing $29,447.60 for fees and $1,118.14 for costs). Petitioner's Application for Attorneys' Fees ("Motion") filed Nov. 3, 2023, ECF No. 49. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on November 17, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 50. Petitioner filed no reply.

I note this case required additional briefing and argument regarding the issue of damages. *See* Rule 4(c) Report, filed June 16, 2022, ECF No. 30 (reporting an impasse in damages discussions); Petitioner's Brief in Support of Damages, filed Aug. 8, 2022, ECF No. 35; Petitioner's Reply to Respondent's Response Brief in Support of Damages, filed Oct. 10, 2022, ECF No. 39; Hearing Minute Entry, dated Feb. 7, 2024 (regarding the Aug. 25, 2023 hearing). Petitioner's counsel expended approximately 11.3 hours drafting the brief in support of damages; and 7.2 hours drafting the reply brief, totaling 18.5 hours. ECF No. 49 at 9. I find this amount of time to be reasonable and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred.)

Furthermore, Petitioner has provided supporting documentation for all claimed costs, ECF No. 49 at 12-26. And Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $30,565.74 (representing $29,447.60 for fees and $1,118.14 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Maximillian J. Muller.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.